IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO MCPHEARSON,

    Petitioner,                     No. CIV S-09-1889 JAM DAD P

    vs.

RICHARD B. IVES,                ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is respondent's motion to stay this action pending resolution of a concurrent proceeding brought by petitioner in the district of his conviction, the Northern District of Texas.  Petitioner has filed a statement of no opposition to respondent's motion.[1]

**BACKGROUND**

        In 1999, petitioner was convicted of conspiracy with intent to distribute crack cocaine in the United States District Court for the Northern District of Texas.  The district judge

---

[1] On January 29, 2010, the court issued an order to show cause requiring petitioner to file and serve an opposition or a statement of no opposition to respondent's motion to stay this action. As noted above, petitioner has filed a statement of non-opposition.  Accordingly, the court will discharge its order to show cause.

1

assigned the case sentenced petitioner to 327 months in federal prison. Not long after sentencing, the United States Marshal transferred petitioner to California to face state criminal charges pending against him. The State of California, however, declined to prosecute petitioner and released him. Petitioner subsequently married the mother of his children, purchased a home, and secured employment. (Pet. at 3 & Attach.)

On January 5, 2009, approximately ten years after he was sentenced in the Northern District of Texas, the United States Marshal arrested petitioner on the ground that he had been released erroneously in 1999. On July 10, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he claims that the United States government effectively waived its interest in executing his sentence through its actions. He also claims that requiring him to serve his federal sentence now would violate his right to due process. (Pet. at 3 & Attach.)

**RESPONDENT'S MOTION FOR A STAY**

Respondent has filed a motion to stay this action pending resolution of a concurrent proceeding petitioner has filed in the Northern District of Texas. Specifically, respondent argues that, in addition to seeking relief pursuant to 28 U.S.C. § 2241 in this court, petitioner has filed several motions in his federal criminal case in the Northern District of Texas, asking that court either to modify his sentence in light of the unusual circumstances of this case or to allow him to pursue a motion pursuant to 28 U.S.C. § 2255. Respondent contends that the present matter should be stayed until the proceedings in the Northern District of Texas are fully exhausted. In respondent's view, the district of conviction is better able to examine this matter because evidence of the facts surrounding petitioner's conviction and sentencing and of the manner in which the United States Marshal executed petitioner's sentence is more readily available to that court. Respondent also contends that, in the event that petitioner receives relief in the Northern District of Texas, the action pending before this court will be rendered moot. (Resp't's Mot. to Stay at 1-3 & Exs. A-H.)

As noted above, petitioner has filed a statement of non-opposition to respondent's motion to stay this action.  (Pet'r's Statement of No Opp'n to Resp't's Mot. to Stay at 1.)

### DISCUSSION

The United States Court of Appeals for the Ninth Circuit has explained that:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before it.

Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).  Habeas corpus cases, however, implicate special considerations, so an indefinite, potentially lengthy stay should not be entered simply in the interests of judicial economy.  See Yong v. INS, 208 F.3d 1116, 1120 (9th. Cir. 2000).

The petitioner in this case has filed several motions in his criminal case in the Northern District of Texas seeking to modify his sentence or, in the alternative, seeking leave to file a motion in that court pursuant to 28 U.S.C. § 2255.  See United States of America v. McPhearson, No. 1:99-CR-004-C(02) (N.D. Tex.).  This court agrees with respondent that, as petitioner's court of conviction as the district that issued petitioner's most recent arrest warrant, the U.S. District Court for the Northern District of Texas will be better able to examine this case as well.  See 28 U.S.C. § 2255(a) & (e); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).  Moreover, if petitioner obtains relief in the Northern District of Texas, this action will be rendered moot.  Accordingly, for the foregoing reasons and in the interests of judicial economy, the undersigned will recommend granting respondent's motion to stay this action until Northern District of Texas resolves petitioner's motions that are currently pending before that court.  The undersigned will also recommend that respondent be ordered to file and serve a status

report on the first court date of each month regarding the status of the proceedings in the Northern District of Texas and to file and serve a motion to lift the stay of this action after the Northern District of Texas issues an order resolving petitioner's pending motions.

## CONCLUSION

IT IS HEREBY ORDERED that the court's January 29, 2010 order to show cause is discharged.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion for a stay (Doc. No. 15) be granted;

2. This action be stayed and the Clerk of the Court be directed to administratively close the case; and

3. Respondent be ordered to file and serve a status report in this case on the first court day of each month and to file and serve a motion to lift the stay of this action within thirty days after the Northern District of Texas issues an order resolving petitioner's pending motions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2010.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcph1889.sty

4