1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PEDRO McPHEARSON,                          No.  2:09-cv-1889 DAD P

12                    Petitioner,

13           v.                                   ORDER

14    RICHARD B. IVES,

15                    Respondent.

16

17          Petitioner is a federal prisoner proceeding through appointed counsel with an application

18    for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On December 4, 2013, the parties filed

19    an evidentiary stipulation and agreed that the court could accept the stipulated facts as true for

20    purposes of resolving the pending petition.  On December 9, 2013, a status conference was held

21    regarding the impact of the evidentiary stipulation on the scope of the anticipated evidentiary

22    hearing.  Attorney John Balazs appeared as counsel for petitioner.  Assistant U.S. Attorney Nirav

23    Desai appeared as counsel for respondent.

24          Prior to the status conference, counsel for petitioner had reported that in addition to the

25    evidentiary stipulations, petitioner was seeking permission to subpoena Linda K. Farrar of the

26    U.S. Marshals Service in the Central District of California, Assistant U.S. Attorney Jeffrey R.

27    Haag of the Northern District of Texas, and the Palmdale Deputy Sheriff who arrested petitioner

28    in 2009, to appear as live witnesses at the evidentiary hearing.  At that status conference the court

1   heard from counsel and announced a tentative ruling on the record that practically all, if not all, of

2   the material and relevant facts necessary to the resolution of this action were now undisputed in

3   light of the parties' evidentiary stipulation.  Accordingly, the court indicated that it intended to

4   deny petitioner's request to subpoena the three live witnesses and that any evidentiary hearing

5   would initially be limited to the testimony of petitioner McPhearson himself.  The court directed

6   petitioner's counsel to consult with his client and advise the court if petitioner wished to testify.[1]

7        On December 20, 2013, counsel for petitioner advised the court by letter that petitioner

8   did wish to testify.  On December 23, 2013 respondent's counsel filed a response, taking the

9   position that the parties' evidentiary stipulation obviated the need for any live testimony or that

10  petitioner should at least be required to make a proffer of what he would testify to.  In the

11  alternative, respondents' counsel requested that he be allowed to call witnesses at a later hearing

12  to rebut any testimony given by petitioner, if appropriate.   This alternative request is reasonable

13  and will be granted.

14       The court hereby adopts its tentative ruling and, accordingly, IT IS ORDERED that:

15       1. Petitioner's request to subpoena witnesses is denied;

16       2. The initial phase of the evidentiary hearing in this action will be limited to petitioner's

17  own testimony.  The court would prefer to take that testimony by videoconferencing, if possible,

18  and counsel are directed to consult with officials at petitioner's institution of confinement and

19  with court personnel to determine if videoconferencing is available and advise the court whether a

20  writ should be issued calling for petitioner's appearance by videoconferencing or appearance in

21  person;

22       3. Counsel is also directed to confer and then consult with the undersigned Courtroom

23  Deputy Pete Buzo regarding an appropriate evidentiary hearing date;

24  /////

25  [1]  The potentially relevant testimony would be with respect to petitioner's alleged belief that he

26  had prevailed on his criminal appeal, thus explaining his release from custody, or any claim that petitioner took some steps to inquire about the propriety of his release.  As the court has

27  previously stated, to the extent petitioner testifies that he based his alleged belief on communications from his counsel, he will then have waived the attorney client privilege with

28  respect to that issue and respondent will be permitted to explore it with petitioner's prior counsel.

4.  Following petitioner's testimony, if necessary respondent will be permitted to present witnesses at a subsequent time (either live, by videoconferencing or by sworn declaration) to rebut that testimony.

Dated:  January 27, 2014

Mcphearson.evidhrg.012414

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE